ELI H. PATCH *vs.* WILLIAM H. WASHBURN.

One who writes his name upon the back of a promissory note before its delivery to or indorsement by the payee is not liable as an original promisor, if, at the time of so signing his name, the intention both of himself and of the payee is that he should assume the liability of a second indorser only; and whether such was their joint intention is a question of fact for the jury. But he is so liable if the plaintiff received it in the belief that it was the valid note of the defendant, induced by the ordinary and reasonable import of the defendant's words and acts.

ACTION OF CONTRACT against the defendant as maker of a promissory note for ninety six dollars, signed by N. R. Washburn, payable to the plaintiff or order, and bearing on its back the signature of the plaintiff, followed by that of the defendant.

At the trial in the superior court, the plaintiff introduced evidence that N. R. Washburn, who was the defendant's brother,

and was owing the plaintiff a like amount, for which the plaintiff had demanded security, brought him this note with the defendant's name upon it, and the plaintiff discounted it at a bank, and wrote his own name over the defendant's by direction of the cashier; and that the note, not being paid at maturity, was taken up and paid by the plaintiff. The defendant introduced evidence that he indorsed the note at the plaintiff's request, and solely for his accommodation, in order to enable him to get it discounted.

*Rockwell,* J. submitted the case to the jury with instructions which are stated in the opinion, the verdict was for the plaintiff, and the defendant alleged exceptions.

*E. D. Beach,* for the defendant.

*H. Morris & C. A. Winchester,* for the plaintiff.

Hoar, J. The verdict must be set aside and a new trial granted, not on the ground that the evidence offered by the plaintiff would not support a verdict in his favor, if believed by the jury ; but because the rule of law, under which the plaintiff claimed to recover, and which was sustained by the court, is not the true rule applicable to the question before the jury.

The claim of the plaintiff in his argument is reported to have been, " that no matter what may have been the plaintiff's design in procuring the defendant's indorsement of this note, and no matter what may have been the defendant's purpose in giving his indorsement, yet if the defendant did in fact indorse the note first in point of time, and it came into the plaintiff's hands with the defendant's indorsement upon it, that, in law, made the defendant an original promisor ; " and the court instructed the jury that this claim was well founded. But the true rule is to be found in the cases of *Peirce* v. *Mann,* 17 Pick. 244, and *Clapp* v. *Rice,* 13 Gray, 403 ; and those decisions show that the design of the plaintiff and the purpose of the defendant in such a transaction were most material, and could be proved by parol in order to determine the legal effect of the contract.

If the note were brought to the payee, and delivered to him in payment of his debt, or as security for it, being then signed

by the maker and having the name of the defendant indorsed upon it, with no other agreement or understanding, the note became the property of the plaintiff, and under the decisions in this commonwealth the defendant was liable as an original promisor. His liability would arise upon the note itself as thus delivered, and could not be affected by parol proof of any different intention of the defendant at the time he signed it, if this intention was not understood by the plaintiff when he received it. If, in such a case, the plaintiff through mistake innocently wrote his name above that of the defendant, without any intention to discharge the defendant from his liability, he might afterward erase his name, and the defendant, not having been prejudiced, would not be discharged.

But if, on the other hand, it was agreed between the plaintiff and the defendant that the defendant should put his name on the note as second indorser for the accommodation of the plaintiff, in order to procure a discount at the bank, and the note was handed to the plaintiff with the defendant's name upon it for the express purpose of having the plaintiff's name indorsed above that of the defendant before it should have any effect as a contract of the defendant, then, if the plaintiff indorsed his name according to the agreement, he could not afterward, by erasing it, make the defendant liable to him. The order in which the indorsers signed would not be material, provided their names were placed in the order agreed upon before the note was delivered as a valid contract. The right to erase the plaintiff's name, when once it was indorsed above the defendant's, would depend upon its having been placed there by mistake or by agreement between them.       *Exceptions sustained.*

Upon a new trial in the superior court, the evidence was similar to that introduced at the first trial; *Brigham*, J. instructed the jury that if the plaintiff received this note as a valid note to himself, with the belief, induced by the ordinary and reasonable import of the words and acts of the defendant, that the defendant had put his name upon it for the purpose of giving him security for the debt of N. R. Washburn, and took

it as such, he might recover in this action; the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which were argued by the same counsel at September term 1861.

HOAR, J. The instructions given to the jury were in conformity with the opinion and direction of this court, which were stated when the case came before us at a previous stage of the proceedings. The plaintiff's understanding of the contract, " induced by the ordinary and reasonable import of the words and acts of the defendant," was the sense in which the defendant is presumed to have intended the contract to be effectual; and in that sense it is binding upon him.

*Exceptions overruled.*